IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TYRONE ANDREWS,              )
                             )
        Plaintiff,           )
                             )
    v.                       )      1:19cv1173
                             )
BRANDI KECK THOMAS, et al.,  )
                             )
        Defendants.          )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with his pro se Complaint (Docket Entry 2), Motion for Preliminary Injunction (Docket Entry 3), and Supplement (Docket Entry 4). The Court will grant Plaintiff's Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking relief from immune defendants. As a result, the Court should deny Plaintiff's Motion as moot.

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th

Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems . . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . .(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This ground for dismissal generally applies to situations in which doctrines established by the United States Constitution or at common law immunize government entities and/or government personnel from liability for damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing eleventh-amendment immunity of states and state officials); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy" (internal quotation marks omitted)).

2

**INTRODUCTION**

Asserting claims under "42 U.S.C. § 1983," Plaintiff initiated this action against "Brandi Keck Thomas" ("Magistrate Thomas") and "James T. Bryan, III" ("Judge Bryan"). (Docket Entry 2 at 1.) The Complaint alleges in relevant part that

> [t]his deprivation of constitutional rights occurred on or about November 21 and November 27. . .[,] 2019 . . . . On the 21st, [Magistrate] Thomas was given [Plaintiff's] . . . rental receipts which showed rent paid up until December 2019. [Magistrate Thomas] ruled that [Plaintiff] did not owe rent and said [he] had to pay court costs which [Plaintiff] objected to since [he] was not there by evidence for non[-]payment, lateness, nor destruction of property. After obtaining the Order a few days later and reading [Magistrate Thomas's] side notes, [Plaintiff] believe[s] that [Magistrate Thomas] talked with [an attorney for Plaintiff's landlord] before the hearing was held. . . . [Plaintiff] appealed to stop the court costs[s] and [to] get monies owed to [him] from [the landlord] for advance payments.
>
> Next, on appeal with [Judge] Bryan[,] during preliminary hearing and after reviewing the magistrate order and mentioning [Plaintiff's] poverty and seeing [that Plaintiff was] a black male[, Judge Bryan] decided to rule that [Plaintiff] must pay [rent for] the month[s] of November and December[,] which was paid[. F]inally[,] Judge Bryan mentioned several times [that] if [Plaintiff did] not pay the monies by December 2, 2019, [Plaintiff] w[ould] be removed from the property.
>
> . . . Magistrate Thomas [] rule[d] in another black male case on Plaintiff's hearing date . . . that [the defendant] had sixty days to remove [h]is trailer from [the plaintiff's] property. . . . This is normal with all rulings with black males in Chatham County courts. Finally, there are only two blacks employed with the Chatham County [c]ourts[,] not counting maintenance contractors that clean the building.

(Id. at 3.) Further, the Complaint indicates that, "Plaintiff prays for temporary injunction and court cost[s] against the

3

defendants and for such other relief as the Court may deem just and proper under the circumstances." (Id. at 4.)

Plaintiff also provides allegations regarding this matter in his Motion for Preliminary Injunction (Docket Entry 3), to include that he "was discriminated [against] because of his race[,] black[,] and his] gender by the Defendants. Plaintiff and no other [b]lack male should have a decision made with bias and/or prejudice." (Id. at 4; see also id. (referring to "discrimination based on [r]ace").)

Additionally, Plaintiff included a "Supplement" (Docket Entry 4 at 1-6), in which he "[e]nclosed . . . [his] receipts that Chatham County, NC [Small Claims] and District Court had at the time any discussions were made" (id. at 1), which were "submitted to solidify [his] claim against the Defendants and future supplement of Chatham County Sheriff's Office" (id.). Along with the referenced "receipts," (id. at 2-4), the Supplement also includes a "Writ of Possession Real Property" concerning Plaintiff's summary ejectment matter (id. at 5), and a Notice of Eviction (id. at 6), issued from the Chatham County Sheriff's Office to Plaintiff.

The Court should dismiss Plaintiff's Section 1983 claims and should further deny the request for preliminary injunctive relief as moot.

4

**DISCUSSION**

As an initial matter, the Complaint alleges that Magistrate Thomas and Judge Bryan presided, as judges, over Plaintiff's summary ejectment matter. (See Docket Entry 2 at 2-4; see also Docket Entry 3 at 2-4.) "Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims," In re Mills, 287 F. App'x. 273, 279 (4th Cir. 2008) (emphasis added), "even if such acts were allegedly done either maliciously or corruptly," King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citing Pierson v. Ray, 386 U.S. 547, 554 (1967)). See also Mireles v. Waco, 502 U.S. 9, 11 (1991) (stating that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). To determine whether an action constitutes a "judicial act" protected by judicial immunity, the Court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." King, 973 F.2d at 357. Thus, a plaintiff can overcome the judicial immunity bar only if the judge's "actions were non-judicial or the actions were judicial but were taken without jurisdiction." Evans v. Downey, No. 1:15-CV-117, 2016 WL 3562102, at *2 (W.D. Ky. June 24, 2016) (unpublished) (citing Mireles, 502 U.S. at 13).

Here, the Complaint does not allege that either Magistrate Thomas or Judge Bryan acted in a non-judicial capacity or lacked

5

jurisdiction over Plaintiff's case. (See Docket Entry 2 at 2-4.) To the contrary, the Complaint specifically asserts that, "at all times mentioned herein, the Defendants were acting within the course and scope of their office, employment, service, and authority as a member of the North Carolina Judicial Department." (Id. at 2.) Further, the actions Plaintiff challenges - conducting hearings, issuing orders, and the like - all qualify as judicial. See King, 973 F.2d at 357. In addition, even though Plaintiff alleges that Magistrate Thomas and Judge Bryan deprived Plaintiff of his constitutional rights, judicial immunity still applies. See id. at 356 (ruling that judicial immunity precludes liability even for malicious or corrupt actions); see also Mikhail v. Kahn, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (holding that "[j]udges are absolutely immune from suit" for money damages arising from their judicial acts, even if such acts took "place *ex parte* and without notice or a hearing" (internal quotation marks omitted)). Accordingly, Magistrate Thomas and Judge Bryan enjoy absolute judicial immunity from Plaintiff's damages claims.

Moreover, this immunity extends to Plaintiff's request for injunctive relief (whether brought in connection with individual capacity or official capacity claims). See Clay v. Osteen, No. 1:10CV399, 2010 WL 4116882, at *3-4 (M.D.N.C. Oct. 19, 2010) (unpublished) (analyzing judicial immunity doctrine in monetary damages and injunctive relief contexts), recommendation adopted,

slip op. (M.D.N.C. Nov. 17, 2010); see also, e.g., Pearson v. District Att'y Billy W., No. 5:16-CT-3182, 2017 WL 5163368, at *5 (E.D.N.C. June 26, 2017) (unpublished) ("[J]udges have absolute immunity from a claim for damages arising out of their judicial actions. Not only are judge[s] immune from claims for monetary damages, they are immune from requests for injunctive relief." (citations omitted)), report and recommendation adopted sub nom. Pearson v. West, No. 5:16-CT-3182, 2017 WL 5163235 (E.D.N.C. Nov. 7, 2017) (unpublished).

Finally, any official capacity claim for damages against Magistrate Thomas and Judge Bryan would fail as a matter of law because the State of North Carolina employs them, see N.C. Gen. Stat. §§ 7A-3 (bringing all court operations under control of state), 7A-130 (establishing district courts), 7A-132 (providing for district court judges and magistrates), 7A-170 (establishing a magistrate as an officer of the district court). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). "Because a state is not a 'person' under [Section] 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute." Wells v. Northam, No. 3:18CV00040, 2018 WL 2978026, at *2 (W.D. Va. June 13, 2018) (unpublished) (citing Will, 491 U.S. at 71).

7

In sum, the Court should dismiss the Complaint's Section 1983 claims against Magistrate Thomas and Judge Bryan.

## CONCLUSION

Plaintiff has demonstrated eligibility for proceeding in forma pauperis; however, the Court should dismiss his Complaint under Section 1915(e)(2)(B)(iii) for seeking monetary relief from immune defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Docket Entry 3) be denied as moot.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 11, 2020